**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HENRY COX,<br>*Plaintiff*,<br>*v.*<br>THE UNITED STATES OF AMERICA et al.,<br>*Defendants*. | ORDER OF DISMISSAL<br>25-CV-10842 |

**GEORGE B. DANIELS, United States District Judge:**

Plaintiff Henry Cox, who is incarcerated at the Cayuga Correctional Facility, brings this *pro se* action seeking unspecified relief. He sues the Federal Government, the recording artists Jay-Z and Nas, federal agencies, a federal agent, the District of Columbia, the State of New York, New York State prisons, a New York State agency, New York State courts, a current or former New York State Judge, a current or former New York State District Attorney, a private company, and a private attorney. For the reasons below, the Court DISMISSES this action as frivolous.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court must also dismiss a complaint if it lacks subject

matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, courts are obliged to construe *pro se* pleadings liberally and interpret them to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

The following allegations are drawn from the complaint: Plaintiff states that his claims involve the "misuse of [his] patent and law provisions, land, rights to person and currency, torture, assassination attempt on li[f]e and stalking and rape, and people stealing [his] ideas and words." (ECF 1, at 5.) The remainder of Plaintiff's complaint is fashioned as an incomprehensible stream of consciousness.

## DISMISSAL OF THE COMPLAINT AS FRIVOLOUS

The IFP statute requires a court to dismiss a complaint, or any portion of a complaint, if it determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

Even when read with the "special solicitude" due to *pro se* pleadings, Plaintiff's complaint lacks an arguable basis either in fact or in law. *Triestman*, 470 F.3d at 475. Plaintiff sues multiple government and private entities, and his allegations are incoherent. The Court is unable to identify: (1) any factual basis for his claims against the Defendants, or (2) any legal theory on which Plaintiff may proceed against the Defendants. The Court therefore dismisses this action as frivolous.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011). Plaintiff's complaint does not suggest that he is in possession of facts that would cure the identified deficiencies. *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (holding that the district court did not err in dismissing claim with prejudice in absence of any indication that the plaintiff could or would provide additional allegations leading to different result). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court **DISMISSES** this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is **DENIED** for the purpose of an appeal.

The Clerk of Court is respectfully directed to **ENTER** judgment dismissing this action for the reasons set forth in this order.

The Clerk of Court is also respectfully directed to **MAIL** a copy of this order to the named plaintiff.

**SO ORDERED.**

Dated: NOV 16 2026
New York, New York

George B. Daniels
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE